UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CHAVEZ, an individual; and JOHN THOMPSON, an individual,<br><br>                              Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION; FEDERAL EXPRESS GROUND PACKAGE SYSTEM, INC., Delaware corporations; and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No.:  16-CV-2154W (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DOCS. 14, 17]** |

   Pending before the Court is Defendant Federal Express Corporation's ("FedEx Express") motion to dismiss the First Amended Complaint ("FAC").  Plaintiffs Francisco Chavez and John Thompson oppose.

   The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1 (d.1).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** FedEx's motion to dismiss [Docs. 14, 17].

1

## I. BACKGROUND

Plaintiffs Francisco Chavez and John Thompson are employees of the Naval Air Warfare Center Aircraft Division Lakehurst ("Navair") located at the 32nd Street Naval Base in San Diego, California. (*FAC* [Doc. 8] ¶ 9.) Defendants FedEx Express is an all-cargo interstate air carrier and Federal Express Ground Package System, Inc. ("FedEx Ground") is an all-cargo interstate ground carrier. (*Id.* ¶¶ 6, 7.)

This case arises from an interstate shipment containing hazardous materials that exploded when its recipients began unloading the delivery. (*FAC* ¶ 9.) The shipment originated in Florida, where Navair employees packaged and delivered the containers to a FedEx Express ship center in Key West, Florida. (*Id.*) The container included hazardous materials such as aerosols, silicon material, at least one fire extinguisher, powder, Mapp gas, rust treatment material, flammable mastic adhesive, and rust oleum flammable enamel. (*Id.*) The shipment was placed on a FedEx Express airplane and was flown to San Diego, California. (*Id.*)

On or about March 7, 2016, FedEx Ground delivered the shipment to the Navair facility at the 32nd Street Naval, where Chavez and Thompson began unloading the container as instructed in the normal course of their employment. (*FAC* ¶ 10.) While unloading the shipment, one of the containers exploded and seriously injured both Plaintiffs. (*Id.* ¶¶ 10, 17.)

Chavez and Thompson allege an investigation by unnamed governmental agencies determined that none of the subject containers displayed the hazardous material warnings required by the Hazardous Material Transportation Act ("HMTA"), 49 U.S.C. § 5101, *et seq*. (*FAC* ¶ 11.) Plaintiffs allege FedEx Express and FedEx Ground violated the HMTA and related federal regulations when they: (1) allowed an untrained and unregistered person to accept hazardous materials into interstate commerce; (2) failed to classify, require appropriate packaging, require appropriate shipping paperwork, require proper labeling marking and warning placards for the shipment; and (3) failed to inspect, examine, scan, or discover the hazardous materials in the containers. (*Id.* ¶ 13(a)–(c).)

Chavez and Thompson also claim FedEx Express owed them a duty of care to implement reasonable safety and security mechanisms to discover hazardous materials in shipments so as not to expose others to an unreasonable risk of harm.  (*FAC* ¶ 15.)  They further allege FedEx Express breached this duty when it: (1) failed to properly train, and maintain retraining of their employees on the subjects of hazardous material recognition, marking, labeling and shipping of hazardous material; (2) failed to ascertain whether the shipment contained hazardous materials; (3) failed to require the shipper to submit the appropriate paper work for the shipment of hazardous material; (4) failed to insure that the material offered by the shipper was properly labeled and packaged; (5) endeavored to ship "hazardous material" without the appropriate shipping papers, baling and markings warning that the packages contained hazardous material; and (6) failed to warn Plaintiffs upon delivery of the hazardous material. (*Id.* ¶ 16(a)–(f).)

On July 22, 2016, Chavez and Thompson filed a lawsuit against FedEx Express and FedEx Ground in the San Diego Superior Court.  (*See Compl.* [Doc. 1-2].[1])  On August 25, 2016, Defendants removed the case to this Court.  (*See Notice of Removal*.)  Plaintiff then filed the FAC on September 19, 2016, asserting claims for (1) violation of the HMTA and (2) state common law negligence.  (*See FAC* [Doc. 8].)  FedEx Express now moves to dismiss the HMTA claim on the ground that there is no private right of action under the statute, and the negligence claim on the basis that it is preempted by the Airline Deregulation Act ("ADA").

## II.  LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A.

578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true.  Id.  The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1964-65.  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

### III. DISCUSSION

#### A. Hazardous Material Transportation Act Claim (1st Cause of Action)

Fedex Express contends that the HMTA provides no private right of action.  (*MTD* [Doc. 14-1] 11:11–13:9.)  Plaintiffs concede that they may not pursue their HMTA claim.  (*Opp.* [Doc. 22] 4:10–11).  See also 49 U.S.C. § 5122; Borough of Ridgefield v. New York Susquehanna & Western R.R., 810 F.2d 57, 58 (3d Cir. 1987).  Accordingly, this Court dismisses Plaintiffs' HMTA cause of action.[2]

---

[2] Plaintiffs request leave to amend the FAC to assert a negligence per se claim premised on the violation of the HMTA.  (*Opp.* [Doc. 22] 4:10–15.)  Defendants dispute whether such a claim is appropriate given that no private right of action exists.  (*Reply* [Doc. 24] 7:15–20.)  However, neither party has provided authority on the issue and, accordingly, the Court need not decide at this time whether Plaintiffs may assert a negligence per se claim based on the violation of the HMTA.

### B. State Negligence Claim (2nd Cause of Action)

The ADA preemption clause, provides that a "State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier… ." 49 U.S.C.A. § 41713(b)(1). Fedex FedEx alleges Chavez and Thompson's negligence claim is preempted by this clause because the claim is "related" to FedEx Express's "services." (*MTD* 7:16–11:10; *Reply* 3:5–5:16.) In support of this argument, Fedex Express relies on Tobin v. Federal Express Corp., 775 F.3d 448 (1st Cir. 2014), which defined the term "service" as follows:

> a "service" represents a "bargained-for or anticipated provision of labor from one party to another," thus leading to "a concern with the contractual arrangement between the airline and user of the service." [Citation omitted.] Matters "appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline," such as "ticketing, boarding procedures, provision of food and drink, and baggage handling" are all included under the mantle of "service." [Citation omitted]

(*Id.* 7:21–24, citing Tobin at 453.) The primary problem with FedEx Express's argument is that Tobin is a First Circuit case that is at odds with Ninth Circuit law.

Within the Ninth Circuit, "the scope of [ADA] preemption has been a source of considerable dispute since its enactment." Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1263 (9th Cir. 1998). For example, Lathigra v. British Airways, 41 F.3d 535 (9th Cir. 1994), held that the ADA did not preempt a state-law claim for negligent reconfirmation because it was only tenuously connected with the ADA and did not undermine the goals of airline deregulation. Id. at 540. The next year, however, Harris v. American Airlines, Inc., 55 F.3d 1472 (9th Cir. 1995), interpreted "service" broadly and held the ADA preempted a female passenger's state-law tort claim against an airline for continuing to serve alcohol to an intoxicated passenger. Harris reasoned that the claim was preempted because plaintiff's "allegations pertain directly to a 'service' the airlines render: the provision of drink." Harris, 55 F.3d at 1476. Although this broad interpretation of "service" was consistent with Tobin, Harris has been overruled.

In Charas, 160 F.3d 1259, the Ninth Circuit again reconsidered the circumstances under which the ADA preempts certain state law claims. The case involved five consolidated appeals arising from personal injury actions filed against airlines. All of the plaintiffs were passengers who suffered injuries because of a physical hazard created, or not reasonably prevented, by the different airlines. Id. The injuries resulted from conditions such as: luggage falling from an overhead bin; luggage being left in the aisle by a flight attendant; a service cart being pushed into plaintiff's shoulder by a flight attendant; failure to provide adequate assistance disembarking from the plane; and impermissibly refusing boarding to a blind passenger. Id. at 1261–62. In each case, the district court found the state-law tort claim was preempted under the ADA. Id.

The Ninth Circuit began by overruling Harris's interpretation of the ADA preemption clause as contrary to congressional intent. Charas, 160 F.3d at 1263. The court then discussed the only two Supreme Court cases that had addressed the scope of the preemption clause (Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992), and American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995)), and interpreted the cases as suggesting that state-law tort claims "are not within the intended reach of the preemption." Id. at 1264. The Ninth Circuit then evaluated the language of section 1305(a)(1)[3] and two other statutory provisions regulating air carriers. While the preemption clause demonstrated that "Congress's 'clear and manifest purpose' in enacting the ADA was to achieve… 'maximum reliance on competitive market forces'" (id. at 1265 (citing Wolens, 513 U.S. at 230)) the other two statutory provisions—19 U.S.C. § 41112(a) requiring airlines to maintain bodily injury insurance, and 49 U.S.C. § 40120 preserving state tort remedies—demonstrated that congress did not intend to

---

[3] The preemption clause was previously found in section 1305(a)(1) of the Airline Deregulation Act. In 1994 it was amended and incorporated into the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 41713(b).

preempt all state tort claims (id. at 1265). Finally, the court looked at the context in which the term "service" was used, and concluded:

> Airlines' "rates" and "routes" generally refer to the point-to-point transport of passengers. "Rates indicates price; "routes" refers to courses of travel. *It therefore follows that "service," when juxtaposed to "rates" and "routes" refers to such things as the frequency and scheduling of transportation, and to the selection of markets to or from which transportation is provided* (as in, "this airline provides service from Tucson to New York twice a day.") To interpret "service" more broadly is to ignore the context of its use; and it effectively would result in the preemption of virtually everything an airline does. It seems clear to use that that is not what Congress intended.

Id. at 1265–1266 (emphasis added).

Charas's interpretation of "service" is clearly at odds with Tobin's broad interpretation of the term. While Tobin definition of the term includes "boarding procedures, provision of food and drink, and baggage handling," Charas's definition does not. Id. at 1261–62.

Here, Chavez and Thompson's negligence claims are based on FedEx Express's alleged failure, among other things, to warn that the containers included hazardous material. (*FAC* ¶ 16(a)–(f).)  Under Charas, because the claims does not implicate things such as the frequency and scheduling of transportation, or the selection of markets, Chavez and Thompson's negligence cause of action is not preempted.

### IV.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** FedEx Express's motion to dismiss [Docs. 14, 17] and **DISMISSES** the first cause of action for violation of the HMTA. To the extent Plaintiffs intend to amend the FAC to

add a cause of action for negligence per se, the second amended complaint must be filed **on or before March 15, 2017**.[4]

**IT IS SO ORDERED**.

Dated:  March 1, 2017

Hon. Thomas J. Whelan
United States District Judge

---

[4] Defendant also filed a motion to dismiss the original Complaint.  (*See MTD* [Doc.5].)  The motion was rendered moot by Plaintiffs' filing of the FAC.